UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDERSON BROOKS                          CIVIL ACTION

VERSUS                                   NO. 15-5419

JOSEPH MILLER, et al.                    SECTION: "G"(2)

## ORDER

In this litigation, Plaintiff Anderson Brooks ("Brooks") seeks fifteen trillion dollars from

Defendants East Jefferson General Hospital ("EJGH") and Dr. Joseph Miller for malpractice.[1]

Pending before the Court is "East Jefferson General Hospital's Rule 12(b)(1) Motion to Dismiss

for Lack of Subject Matter Jurisdiction; Alternatively, Rule 12(b)(6) Motion to Dismiss for

Failure to State a Claim Upon Which Relief Can Be Granted; and Alternatively, Rule 12(e)

Motion for More Definite Statement."[2] Having considered the motion, memorandum in support,

memorandum in opposition, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 6. In Plaintiff's original complaint, he alleges that he "would like to sue East Jefferson and Dr. McMillan." Rec. Doc. 1. However, in the case caption, he asserts that the Defendants are "Dr. Joseph Miller and East Jefferson Hospital." *Id.* In his amended complaint, it appears that Plaintiff handwrote "er" after "Dr. McMill" and later in his complaint asserts that he "would like to sue East Jefferson Hospital and Dr. Miller." Rec. Doc. 6. Therefore, it appears that Plaintiff only brings suit against East Jefferson General Hospital and Dr. Joseph Miller.

[2] Rec. Doc. 8.

# I. Background

### A.    *Factual Background*

Plaintiff alleges that he went to East Jefferson General Hospital for his knee and "was given a sling and a shot."[3] He alleges that when he was driving home from the hospital, he "blacked out and did not know where [he] was," and he believes that this was a result of the shot.[4] Plaintiff alleges that he ended up in the hospital for "one year two months and twelve days; 437 days total," his "arm and buttocks were paralyzed," and he fell several times in the hospital under the nurses' care.[5] Plaintiff also alleges that his "toe was hanging and the bottom of [his] foot was white but doctor never looked at it."[6] Plaintiff alleges that the doctor "just laughed and said there was nothing they could do for [him]."[7] According to Plaintiff, his therapist told him that he would probably never walk again.[8]

Plaintiff also alleges that "[w]hen [he] built [his] shop it was zoned C-2 and [he] went through 33 inspections. They wanted to add a clause that when [his] son and [he] died the zoning would be changed to R-2. [He] fought this and won in the 24th District Court and Civil Court."[9]

---

[3] Rec. Doc. 6 at 1.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

However, Plaintiff alleges that when he got home from the hospital, he found out that the zoning had been changed to R-2 by Dr. Miller.[10]

**B.      *Procedural Background***

On October 22, 2015, Plaintiff, acting *pro se*, filed a complaint.[11] Plaintiff filed an amended complaint on December 9, 2015.[12] On January 18, 2016, EJGH filed the instant motion.[13] Plaintiff filed an opposition on February 10, 2016[14]

## II. Parties' Arguments

**A.      *EJGH's Arguments in Support of its Motion to Dismiss or Alternatively, for a More Definite Statement***

EJGH moves to dismiss on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's claim and on the grounds that Plaintiff's pleadings fail to state a claim upon which relief can be granted.[15] In the event that the Court denies its motion to dismiss, EJGH moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[16]

First, EJGH contends that there is no federal question or diversity of citizenship in this case and therefore the Court lacks subject matter jurisdiction.[17] EJGH contends that unless

---

[10] *Id.*

[11] Rec. Doc. 1.

[12] Rec. Doc. 6.

[13] Rec. Doc. 8.

[14] Rec. Doc. 11.

[15] Rec. Doc. 8 at 1.

[16] *Id.* at 1–2.

[17] Rec. Doc. 8-1 at 4.

jurisdiction has already been established, Federal Rule of Civil Procedure 8(a)(1) requires pleadings to set forth a statement of the grounds for the court's jurisdiction.[18] EJGH asserts that Plaintiff's complaint and amended complaint lack any such statement.[19] EJGH avers that the complaint, attachments to the complaint, and amended complaint all establish, however, that Plaintiff has asserted a medical malpractice action for injuries allegedly sustained as a result of medical treatment rendered by EJGH and Dr. Miller.[20] EJGH asserts that medical malpractice claims are state law claims that federal courts do not have jurisdiction to hear unless the parties are citizens of different states and the amount in controversy exceeds $75,000.[21] EJGH contends that according to the complaint and amended complaint, Plaintiff is a resident of River Ridge, Louisiana, and the EJGH Emergency Triage Record attached to the complaint establishes that Plaintiff has resided in River Ridge since at least 2005 and therefore he appears to be domiciled in Louisiana.[22] EJGH contends that it is a political subdivision of the State of Louisiana and, therefore, there is no complete diversity of citizenship.[23] Accordingly, EJGH asserts that Plaintiff has failed to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[24] In addition, EJGH asserts that should Plaintiff contend that his medical malpractice claim gives rise to a civil

---

[18] *Id.* at 4–5.

[19] *Id.* at 5.

[20] *Id.*

[21] *Id.* (citing *Wells v. Womens Clinic of Shreveport*, No. CIV A 06-1371, 2006 WL 2883039, at *2 (W.D. La. Sept. 1, 2006)).

[22] *Id.* at 5–6.

[23] *Id.* at 6 (citing *Hoffman v. Jefferson Par. Hosp. Servs. Dist. No. 2*, 11-776 (La. App. 5 Cir. 4/10/12); 87 So. 3d 370).

[24] *Id.*

rights violation under 42 U.S.C. § 1983, it is well established that claims for negligence, neglect, or medical malpractice do not give rise to a cause of action under this statute.[25]

Second, in the alternative, EJGH moves to dismiss Plaintiff's claim against it on the grounds that Plaintiff's complaints fail to state a cause of action upon which relief can be granted because any malpractice claim is prescribed.[26] EJGH contends that, in Louisiana, actions for medical malpractice must be filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged, act, omission, or neglect.[27] EJGH contends that even in cases where the plaintiff files within a year of the date of discovery, the claim must still be filed at the latest within three years from the date of the alleged act, omission, or neglect, to be timely.[28] According to EJGH, when a plaintiff's claim is prescribed under Louisiana substantive law, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper.[29]

EJGH asserts that although Plaintiff does not state in his complaint when the alleged malpractice by Dr. Miller and/or EJGH occurred, the Emergency Triage Record attached to Plaintiff's complaint is dated October 5, 2005 and identifies leg pain as the chief complaint.[30] EJGH also contends that attached to Plaintiff's complaint is a photograph on which the year

---

[25] *Id.* (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)).

[26] *Id.*

[27] *Id.* at 7 (citing La. Rev. Stat. § 9:5628).

[28] *Id.* (citing La. Rev. Stat. § 9:5628).

[29] *Id.* (citing *Belanger v. Geico Ins. Co.*, No. 15-30018, 2015 WL 4995648 (5th Cir. Aug. 21, 2015)).

[30] *Id.*

"2005" is written.[31] EJGH asserts that if the malpractice alleged by Plaintiff is the shot that he received during the treatment of his knee, this occurred ten years before he filed his claim.[32] EJGH contends that if the malpractice alleged by Plaintiff occurred during the 437 days in which he was hospitalized after receiving the "sling and a shot," it would still appear that Plaintiff waited nearly nine years before filing his claim.[33] Therefore, EJGH contends that because Plaintiff waited more than three years from the date of the alleged malpractice to file his claim, his claim is prescribed on its face and should be dismissed.[34]

EJGH also asserts that the Louisiana Medical Malpractice Act ("LMMA") requires that medical malpractice claims be submitted to a review panel prior to suit.[35]  EJGH asserts that because it is clear that the allegations in this case are allegations of malpractice within the meaning of the LMMA, and because the complaints are devoid of any allegation that Plaintiff first presented his claim to a medical review panel, he is not entitled to file suit in any court.[36] EJGH contends that when a plaintiff sues a healthcare provider before obtaining a review from a medical review panel, those unexhausted claims are premature and must be dismissed without prejudice.[37]

---

[31] *Id.*

[32] *Id.*

[33] *Id.* at 8.

[34] *Id.*

[35] *Id.* (citing La. Rev. Stat. § 40:1231.1; *Richardson v. Advanced Cardiovascular System, Inc.*, 865 F. Supp. 1210, 1217 (E.D. La. Sept. 14, 1994) (Schwartz, J.)).

[36] *Id.* at 9.

[37] *Id.* (citing *Flagg v. Elliott*, No. 14-0852, 2014 WL 3715127 (E.D. La. June 16, 2014) (Feldman, J.)).

Finally, in the event that the Court denies the motion to dismiss Plaintiff's complaints, EJGH requests that the Court order Plaintiff to amend his pleadings "and set forth the basis for this Court's subject matter jurisdiction; the dates of the alleged malpractice by EJGH or an employee of EJGH; the specific nature of the acts or omissions committed by EJGH or an employee of EJGH that Plaintiff contends constitute malpractice; the dates when Plaintiff submitted his malpractice claim to a medical review panel; and the decision of the panel."[38] In support, EJGH contends that Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement if the pleading is so vague or ambiguous that the responding party cannot reasonably prepare a response.[39]

## B.   *Plaintiff's Arguments in Opposition*

In opposition, Plaintiff submits a copy of his amended complaint.[40] Plaintiff also submits handwritten documents all titled "Complaint"[41] that are very difficult to read, but appear to discuss injuries Plaintiff has sustained and repeat allegations made in Plaintiff's original and amended complaints.[42] Plaintiff also submits a photograph which appears to show an individual's hands and legs.[43] Also included in the opposition is a document titled "Rehab

---

[38] *Id.* at 10.

[39] *Id.*

[40] Rec. Doc. 11 at 1.

[41] *Id.* at 2.

[42] *Id.* at 2, 7–10.

[43] *Id.* at 3.

Service/Repair" which appears to detail repairs to a motorized wheelchair.[44] Plaintiff also includes a document dated June 6, 2013, which appears to be a letter from Plaintiff to Jefferson Parish's Inspection and Code Enforcement division discussing the costs of demolishing Plaintiff's property.[45] In the letter, plaintiff requests $200,000 and states that if the request is not responded to within thirty days, Plaintiff would file a claim with the courts.[46] Finally, Plaintiff submits money orders made out to a law firm along with the law firm's business card.[47]

### III. Law and Analysis

**A.    *Legal Standards***

Federal courts have "limited jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."[48] A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority at any time to hear and decide the dispute.[49] In fact, "[i]t is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court."[50] The party that invokes the court's jurisdiction bears the burden to allege with sufficient particularity the facts creating jurisdiction and to support the allegation if

---

[44] *Id.* at 4.

[45] *Id.* at 5.

[46] *Id.* at 6.

[47] *Id.* at 7–8.

[48] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

[49] Fed. R. Civ. P. 12(h)(3).

[50] *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987), *cert denied*, 485 U.S. 1006 (1988)); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

challenged.[51] Thus, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[52]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[53] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[54] "Factual allegations must be enough to raise a right to relief above the speculative level."[55] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[56]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[57] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[58] "While legal conclusions can provide the framework of a complaint, they must be supported by factual

---

[51] *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938)).

[52] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

[53] Fed. R. Civ. P. 12(b)(6).

[54] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[55] *Twombly*, 550 U.S. at 556.

[56] *Id.* at 570.

[57] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[57] *Iqbal*, 556 U.S. at 677–78.

allegations."[59] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[60]  The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[61]  That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[62] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[63] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[64]

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings.[65] "If the district court considers information outside of the pleadings, the court must treat the motion [to dismiss] as a motion for summary judgment. Although the court may not go outside the complaint, the court may consider documents attached to the complaint."[66]

---

[58] *Id.* at 679.

[59] *Id.* at 678.

[60] *Id.*

[61] *Id.*

[62] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[64] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[65] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[66] *Id.*

A document filed *pro se* is "to be liberally construed," and a "*pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standard than formal pleadings drafted by lawyers.'"[67] A *pro se* complaint may only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[68]

### B.     Analysis

In Plaintiff's original complaint, he includes a section titled "Jurisdictional Statement Law & Legal Definition" that generally describes what a jurisdictional statement is and the definition of "Statement of Claim."[69] However, Plaintiff does not state in his complaint, amended complaint, or opposition, any basis for the Court's jurisdiction over this case. Plaintiff's original complaint also contains several pages that are illegible for the most part, but appear to repeat allegations in the typed portion of the complaint regarding the Plaintiff's toe "hanging," as well as Plaintiff attempting to walk and falling.[70] Plaintiff also attaches what appears to be an EJGH Emergency Triage Record dated October 5, 2005 pertaining to Plaintiff's treatment in which it is reported that Plaintiff stated that he was suffering from leg pain.[71] In addition, Plaintiff attaches documents from proceedings in the 24th Judicial District Court for the Parish of Jefferson,[72] as

---

[67] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[68] *Id.* (internal quotations omitted).

[69] Rec. Doc. 1 at 2.

[70] *Id.* at 4–6.

[71] *Id.* at 7.

[72] *Id.* at 8–11.

well as a photograph on which it is written "Paralyzed Vegetable," "2005" "Stay in Bed 6 years,"[73] and three additional photographs, two of which appear to show someone sitting in a chair, and the third of which is unrecognizable.[74]

In order for the Court to exercise diversity jurisdiction over this case, there must be diversity of citizenship between the parties and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.[75] Although Plaintiff does not allege the citizenship of any of the parties, in both of Plaintiff's complaints, he lists an address in River Ridge, Louisiana.[76] Citing a Louisiana Fifth Circuit Court of Appeal case, *Hoffman v. Jefferson Parish Hospital Services District 2*, EJGH asserts that it is a political subdivision of the State of Louisiana.[77] "It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective states."[78] Therefore, as both Plaintiff and EJGH appear to be citizens of Louisiana, there is not diversity of citizenship between the parties.

Federal district courts also have jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States."[79] For this purpose, "[a] suit arises under the

---

[73] *Id.* at 12.

[74] *Id.* at 13.

[75] 28 U.S.C. § 1332(a).

[76] Rec. Docs. 1, 6.

[77] Rec. Doc. 8-1 at 6 (citing 11-776 (La. App. 5 Cir. 4/10/12); 87 So. 3d 370).

[78] *Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 97 (1972).

[79] 28 U.S.C. § 1331.

law that creates the cause of action."[80] Where a federal law is asserted as the basis for federal jurisdiction, this Court follows the "well-pleaded complaint rule," which holds that federal jurisdiction is properly invoked only if the federal claim appears "on the face of the plaintiff's well-pleaded complaint."[81] Neither of Plaintiff's complaints specifically invokes any federal law. Rather, Plaintiff's complaint and amended complaint state that he intends to file a malpractice suit, and malpractice is a claim that arises under state law.[82]

EJGH asserts that should Plaintiff contend that his medical malpractice claim gives rise to a claim for a civil rights violation under 42 U.S.C. § 1983, "it is well established that claims for negligence, neglect or medical malpractice do not give rise to a Section 1983 cause of action."[83] However, in this case, Plaintiff alleges that his toe was "hanging," the bottom of his foot was white, but the doctor never looked at it and laughed at him, telling him there was nothing they could do, conduct that goes beyond medical malpractice or neglect.[84] Even assuming that the Court could construe Plaintiff's complaint as alleging a violation of 42 U.S.C. § 1983, however, it appears that any such claim has prescribed.

Although Plaintiff does not allege when any of the conduct in his complaints occurred, the documents attached to his original complaint demonstrate that Plaintiff went to the emergency room at East Jefferson General Hospital on October 5, 2005, complaining of leg

---

[80] *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).

[81] *Elam v. Kansas City So. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

[82] Rec. Docs. 1, 6.

[83] Rec. Doc. 8-1 at 5 (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)).

[84] Rec. Doc. 6.

pain.[85] "Although the court may not go outside the complaint, the court may consider documents attached to the complaint."[86] Plaintiff also attached to his original complaint a photograph which states "2005" and "Stay in bed 6 years."[87] Plaintiff alleges that when he went to EJGH, he was given a shot that paralyzed parts of his body and afterwards he ended up in the hospital for "one year two months and twelve days; 437 days total."[88] Federal courts borrow state statutes of limitations to govern claims brought under 42 U.S.C. § 1983.[89] Here, Plaintiff's § 1983 claim would be governed by the one-year prescription period for negligence claims or the one to three-year period for medical malpractice claims.[90] All of the actions described by Plaintiff in his complaint pertain to his time either immediately before his hospital stay or during his hospital stay. Therefore, any violation of § 1983 must have occurred, at the latest, in December 2006. Plaintiff did not file this complaint until October 22, 2015.[91] Accordingly, any § 1983 claim Plaintiff may have has prescribed. For the same reasons, any state law malpractice claims would also be prescribed. In light of the Court's ruling that any state malpractice claims have prescribed, the Court need not address EJGH's argument that the malpractice claim should be

---

[85] Rec. Doc. 1 at 7.

[86] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[87] Rec. Doc. 1 at 12.

[88] Rec. Doc. 6.

[89] *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

[90] *See Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).

[91] Rec. Doc. 1.

dismissed for Plaintiff's failure to comply with the administrative procedures under the Louisiana Medical Malpractice Act.

Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint.[92] "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[93] Plaintiff has already amended his complaint once and has not requested leave to amend his complaint a second time. Nor does Plaintiff indicate in any way in his opposition to the pending motion to dismiss or alternatively, motion for a more definite statement, how he could cure the jurisdictional deficiencies or the prescription issues identified by EJGH. Therefore, it appears that any amendment of Plaintiff's complaint would be futile. Accordingly, the Court declines to grant Plaintiff a second opportunity to amend his complaint.[94]

Finally, to the extent that the Plaintiff can be said to have alleged a violation of § 1983, thereby conferring subject matter jurisdiction on the Court, and in the event that Plaintiff claims any other violation of state law, the Court declines to exercise supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367(c). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated

---

[92] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[93] *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[94] Rec. Doc. 6.

before trial . . . ."[95] There are no compelling reasons for retaining jurisdiction and the common law factors of judicial economy, convenience, fairness, and comity strongly favor dismissal as the Court has not invested a significant amount of judicial resources in this case as the case has only been pending before the Court for five months.[96]

**IV. Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that EJGH's "Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction; Alternatively, Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted"[97] is **GRANTED**.

**IT IS FURTHER ORDERED** that EJGH's request for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this ___13th___ day of April, 2016.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[95] *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

[96] *Id.*; *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992).

[97] Rec. Doc. 8.

16